IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,973-01




EX PARTE BILLY RAY BRYANT, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR01125 IN THE 102ND DISTRICT COURT
FROM RED RIVER COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to imprisonment for life. The Sixth Court of Appeals affirmed his conviction. Bryant
v. State, No. 06-08-00037-CR (Tex. App.–Texarkana 2009, pet. ref’d). 
            Applicant contends, among other things, that his due process rights were violated when
Dalinda Claborne committed perjury at trial. Applicant has alleged facts that, if true, might entitle
him to relief. Ex parte Fierro, 934 S.W.2d 370 (Tex. Crim. App. 1996); Ex parte Chabot, 300
S.W.3d 768 (Tex. Crim. App. 2009). In these circumstances, additional facts are needed.


 As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall make findings of fact and conclusions of
law as to whether Claborne committed perjury and, if so, whether Applicant has established by a
preponderance of the evidence that this error contributed to his conviction or punishment. 
            The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id. Applicant appears to be
represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine
whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall appoint an attorney to represent him at the hearing. Tex. Code Crim. Proc. art.
26.04. 
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: January 12, 2011
Do not publish